UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY CARTER,

        Plaintiff,

v.                                     Case No. 17-cv-877-pp

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

        Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3)**

On June 26, 2017, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 3.

In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

Based on the facts presented in the affidavit, the court concludes that the plaintiff does not have the ability to pay the filing fee. The plaintiff is not married, but has two daughters and two foster sons. Dkt. No. 3 at 1. The plaintiff states that he has zero dollars' worth of monthly wages or salary, but

1

that he receives $2,400.00 per month in foster care payments from the state of Wisconsin. Id. at 2. The plaintiff reports rent payment of $1,300.00 per month, $260.00 per month for child support/alimony payments and $875.00 per month for other household expenses; his total monthly expenses amount to $2,435.00. Dkt. No. 3 at 3. The plaintiff further states that he does not have any other savings. Id. The court concludes from that information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint alleges that the Administrative Law Judge ("ALJ") made findings of fact not supported by substantial evidence and that are contrary to law. Dkt. No. 1 at 1-2. He also suggests that the Social Security Administration should reopen the claim in light of the new evidence and that the Appeals Council refused to consider the new evidence based on a mistake of law. Id. at 2. At this early stage in the case, the court concludes that there

2

may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's request for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 8th day of September, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**